# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KYRA KYLES, et al., ) | |
| ) | |
| Plaintiffs, ) | No. 97 C 8311 |
| ) | |
| v. ) | Judge Suzanne Conlon |
| ) | |
| J.K. GUARDIAN SECURITY SERVICES, ) | Magistrate Judge Jeffrey Cole |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

In late June, 1998, Judge Conlon issued a protective order in the above-captioned case. On May 10, 2006, she referred to me a motion to vacate that order and instructed me to "conduct necessary proceedings and issue a report and recommendation" on the defendant's motion."[1] Given the breadth of the referral, I have the authority to determine whether the briefing is adequate for me to make an informed recommendation. I have concluded that the briefs on both sides are insufficient to enable me to do so.

The defendant's motion to vacate could scarcely be more laconic or unhelpful. It contains twelve lines in four numbered paragraphs and cites one case, *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 945 (7th Cir. 1999), without any explanation, other then it is an intervening decision of the Court of Appeals. What specific principles are to be drawn from Judge Posner's decision and how they are to be applied to the 1998 order is not even superficially discussed.

---

[1] Judge Conlon obviously did not think the matter was free from doubt or ministerial in nature or she would not have sent the matter here.

1

Indeed, it is uncertain whether the principle to be drawn from *Cincinnati Insurance* is that since "nearly eight (6)[sic] years" have passed since Judge Conlon entered the protective order, the order must be vacated, or whether the passage of time is a separate, self-sustaining basis for vacation under that case.

The only portion of *Cincinnati Insurance* that refers to the age of a protective order appears not on page 945 but on 944, and it consists of the observation that the order in the case was issued two years earlier. That the passage of time was not enough to require that the order be vacated was made clear: "we do not know enough about the case to be able to assess the order's current validity without the advice of the district judge to whom, therefore, we remand the case for the limited purpose of enabling him to advise us whether in his view good cause exists for our allowing the appendix to be filed under seal."

The page in *Cincinnati Insurance* to which the motion refers holds that the public interest does not always trump the property and privacy interest of the litigants, but it can be overridden only if the latter interests predominate in the particular case. It also expresses concern about the breadth of an order that seals the documents covered by the order even after they are introduced at trial. But "general propositions do not decide concrete cases," *Lochner v. New York*, 198 U.S. 45, 76 (1905)(Holmes, J., dissenting),[2] and the motion makes not the slightest attempt to explain which of the general principles applies to the specifics of the case at hand or how it or they are applicable.

The plaintiff's response brief was no more informative than the defendant's opening brief. It consisted of seven, short paragraphs, and it neither cited a single case in support of its claim that the

---

[2] *See also Daubert v. Merrell Dow*, 509 U.S. 579, 598 (1993)(Rehnquist, C.J., concurring in part and dissenting in part)("'general observations'" suffer from the common flaw that they are not applied to the specific matter and "therefore they tend to be not only general, but vague and abstract."); *Wisehart v. Davis*, 408 F.3d 321, 326 (7th Cir. 2005)(Posner, J.).

2

passage of time is analytically irrelevant to the maintenance of a protective order nor offered any reason why a 1998 protective order should be kept in place when the case went to trial in September, 2000. Reduced to its essentials, the response brief consisted of the *ipse dixit* that the defendant was wrong, and that the motion had to be denied. But, one cannot conclude that a party's position is legally infirm because his opponent says so. *Miller v. Lehman*, 801 F.2d 492, 500 (D.C. Cir. 1986) (Edwards, J. concurring). There is some reference to an exchange of letters in November, 2001 that apparently the plaintiff thinks self-explanatory and that reflects, according to the plaintiff, adversely on the fairness of the defendant's presentation. But the relevance of the exchange of letters four years earlier is anything but obvious, and that opacity was not cleared up by the reply brief.

In short, the briefs on both sides are insufficient and uninformative, and each is susceptible to the principle that skeletal, undeveloped, perfunctory or unsupported, arguments are deemed waived. *Hyman v. Hill & Associates*, 2006 WL 328260 at *4 February 9, 2006 (N.D.Ill. 2006)(Conlon, J.); *Rodriguez v. United States*, 2001 WL 863581 at *3 July 13, 2001 (N.D.Ill. 2001)(Conlon, J.).[3]

Some years ago, Judge Gettleman and Judge Kennelly wrote about their transitions from lawyer to judge. Both were critical of the quality of briefs submitted to them. Robert W. Gettleman, *We Can Do*

---

[3] *See also Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 862 (7th Cir. 2005)(single sentence argument); *Perry v. Sullivan*, 207 F.3d at 383 (7th Cir. 2000)("Even if this argument made sense, Perry cited no authority for this proposition and devoted less than one sentence in the brief to it. Therefore, it is deemed waived."); *United States v. Cusimano*, 148 F.3d 824, 828 n.2 (7th Cir. 1998); *Sternberg v. Debuys*, 1992 U.S.App. LEXIS 14606 (9th Cir. 1992) (one sentence was insufficient to raise issue; *In re Sulfuric Acid Antitrust Litigation*, No. 03 C 4576, 2005 WL 2403328, *9 (N.D.Ill. Sept. 27, 2005) (collecting cases).

3

*Better*, 25 LITIGATION 3, 62 (Summer 1999); Matthew F. Kennelly, *From Lawyer To Judge*, 2001 LITIGATION 3 (Summer 2001). Theirs were not atypical criticisms. Indeed, one of the most frequently expressed complaints – and one that has been leveled for many years and from the most responsible of quarters – is the quality of briefing at all levels of the system. True enough, quality, like beauty may lie in the eye of the beholder, and thus, what may to any particular judge seem inadequate, may be close to perfection for another. But given the persistency of the complaints and the eminence of the complainants, there must be something to them.

The late Karl Llewellyn has recounted how every one of his many law professor friends who became judges told him that "the general run of briefs which has come before his court – with of course many gratifying exceptions – seems to him barely and scrapingly passable, or else inadequate or worse." Llewellyn, The Common Law Tradition: Deciding Appeals, 30 (1960). Professor Llewellyn's own endeavors convinced him, much to his amazement and some dismay, "at the frequency with which the relevant briefs miss or obscure telling points, choose foreseeably losing ground, or mismanage promising positions." *Id.* Judge Friendly and Judge Posner have expressed the same views. *See* Friendly, The Common Law Tradition: Deciding Appeals, in Friendly, Benchmarks, 34, 39 (1967); Jeffrey Cole, *Economics of Law: An Interview With Judge Posner*, 22 LITIGATION 23, 31 (Fall 1995).

Underinclusive and skeletal presentations impermissibly shift the responsibility to the court to do the lawyer's work and to explicate the arguments that the briefs have left undeveloped. Apart from the fact that such presentations sap the time of judges, forcing parties with comprehensively briefed disputes to wait in a longer queue and condemning them to receive less judicial attention when their cases finally are heard, *cf. Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987), putting the onus

on the court is a risky business. For it presupposes a judge who, in fact, understands the contours of the argument, and who won't resort to the rule that superficial, skeletal, and unsupported arguments will be deemed waived or forfeited. *See* n. 4, *supra*. Judges are not like pigs hunting for truffles, *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991), and the Seventh Circuit has stressed time and again that it is not a judge's responsibility to research and construct the parties' arguments. *United States v. McLee*, 436 F.3d 751, 760 (7th Cir. 2006). Indeed, to require that they do so is at odds with the fundamental premise of our adversarial system. *See United States v. Lanzotti*, 199 F.3d 954, 960 (7th Cir. 1999). *See also* Brandeis, *The Living Law*, 10 Ill. L. Rev. 461, 470 (1916)(a "judge rarely performs his functions adequately unless the case before him is adequately presented."); *Adamson v. California*, 332 U.S. 45, 59 (1946) (Frankfurter, J., concurring)("the judicial process [is] at its best" only when there are "comprehensive briefs and powerful arguments on both sides....").

In light of my conclusion that the briefs are insufficient to allow me to make an informed recommendation to Judge Conlon, the parties are ordered to file additional briefs. The defendant shall have fourteen days to file a supplemental brief, the plaintiff shall have fourteen days to respond. The defendant shall have seven days to reply.

DATE: 5/16/06

UNITED STATES MAGISTRATE JUDGE

5