IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KYRA KYLES and LOLITA PIERCE,            )
                                          )
                    Plaintiffs,           )
                                          )   Civil Action No.: 97 C 8311
        v.                                )
                                          )   Suzanne B. Conlon, Judge
J.K. GUARDIAN SECURITY SERVICES,          )
                                          )
                    Defendant.            )

## MEMORANDUM OPINION AND ORDER

J.K. Guardian Services ("Guardian") moved to vacate an agreed protective order entered on June 25, 1998. The motion was referred to a magistrate judge for a report and recommendation. The magistrate judge recommended Guardian's motion be denied and the protective order stay in place as to any materials not already made public. *See Kyles v. J.K. Guardian Sec. Servs.*, No. 97 C 8311, 2006 WL 2349238 (N.D. Ill. Aug. 15, 2006) (Cole, M. J.). Guardian now moves for leave to file an objection to that recommendation *nunc pro tunc*. For the reasons set forth below, the magistrate judge's report and recommendation is adopted in its entirety, and Guardian's motion to vacate is denied. Guardian's motion for leave to file an untimely objection *nunc pro tunc* is moot.

## BACKGROUND

### A.    The Underlying Litigation

This case, originally filed in December 1997, revolves around the discrimination claims of two African American plaintiffs, Kyra Kyles and Lolita Pierce, who were "employer testers" for the

Legal Assistance Foundation of Chicago ("the Foundation").[1] The Foundation hired Kyles and Pierce to pose as qualified job applicants for the purpose of detecting hiring discrimination at Guardian. The Foundation's strategy was to send Kyles and Pierce to apply for a job with two almost identically qualified white applicants; if only the white applicant was given a job, discrimination was presumed. One of the white testers was in fact offered a job. As a result, Kyles and Pierce filed discrimination claims with the EEOC and then in this court asserting violations under Title VII and 42 U.S.C. § 1981. Guardian counterclaimed, alleging fraudulent misrepresentation.

During discovery, a dispute arose as to whether Guardian could obtain information about the Foundation's employer testing program, or if the information was protected by the attorney-client privilege or work product doctrine. Guardian filed a motion to compel production of the testing program information. During the motion hearing on June 4, 1998, this court found most of the information was not protected and ordered its production. On June 11th, after conducting an *in camera* inspection, this court ordered the remaining materials produced.

On June 22, 1998, the parties moved for the entry of two protective orders. One order designated as confidential "all non-public documents or documents not previously disclosed which are produced by [the Foundation] pursuant to the Court's orders of June 4, 1998 and June 11, 1998," *i.e.*, the information regarding the Foundation's employer testing program. Agreed Protective Order, Dkt. No. 44 at ¶ 1 (June 25, 1998). The protective order directed that any confidential information filed with the court should be done so under seal and that the "provisions of the Order shall continue

---

[1] The magistrate judge's report and recommendation includes detailed factual findings relevant to the underlying litigation and the motion to vacate the protective order. *See Kyles*, 2006 WL 2349238, at **1-3, 9. The facts herein are drawn from that report unless otherwise noted.

to be binding after the conclusion or final disposition of this action." *Id.* at ¶¶ 3, 5. The order was entered on June 25, 1998.

On September 18, 1998, this court granted summary judgment for Guardian. Kyles and Pierce appealed; the Seventh Circuit affirmed in part, reversed in part, and remanded, holding that plaintiffs' claims could be brought under Title VII, but not § 1981. *Kyles v. J.K. Guardian Sec. Servs., Inc.*, 222 F.3d 289, 305 (7th Cir. 2000). The case went to trial and a jury verdict was entered in Guardian's favor. The parties settled the case while the second appeal was pending.

During the trial and on appeal, some documents subject to the protective order became public. Disclosure happened two ways. First, some documents related to the employer testing program were introduced as trial exhibits. The documents were not filed under seal, and thus are part of the public record. Second, when the record on appeal was transmitted to the Seventh Circuit, there was no motion to seal any part of it, including the trial exhibits. As a result, all but a few documents subject to the protective order were not made public.

In November 2001, Guardian's counsel wrote to the Foundation's counsel, stating that in accordance with the protective order he was returning six boxes of materials, and that anything else produced by the Foundation would be destroyed. Guardian has since confirmed that it returned all documents produced by the Foundation. Additionally, all documents in the possession of this court were destroyed pursuant to LR 79.1(c) after the parties were notified and failed to retrieve their trial exhibits. Minute Order, Dkt. No. 198 (October 16, 2002).

## B. The Motion to Vacate

Inexplicably, not until eight years after entry did Guardian move to vacate the protective order. This court referred the motion, plaintiffs' opposition, and Guardian's reply to a magistrate judge for a report and recommendation.

In its briefs to the magistrate judge,[2] Guardian advanced two principle reasons why the protective order should be vacated: (1) the order was invalid because it did not protect trade secrets, a prerequisite for an "umbrella" order allowing the parties to freely designate documents as confidential; and (2) the protective order became invalid at the close of the case. Memorandum of Law, Dkt. No. 213 at 6 (May 30, 2006). Guardian relied primarily on *Citizens First National Bank v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999), to support its position. *Id.* at 5-6. Guardian did not identify the protected information it wished to disclose or why in its initial brief. However, the last paragraph in Guardian's reply memorandum stated that "the materials in the Court record should be discussed in public, so the current public debate [regarding employer testing] is informed." Reply Memorandum of Law, Dkt. No. 216 at 8 (June 20, 2006).

In response, Kyles and Pierce attacked Guardian's delay in bring the motion, its mischaracterization of the protective order as an "umbrella" order, and its reliance on *Cincinnati*

---

[2]Actually, the parties submitted two rounds of briefs to the magistrate judge. On May 16, 2006, the parties were ordered to file additional briefs because "the briefs on both sides are insufficient." *Kyles v. J.K. Guardian Sec. Servs.*, 236 F.R.D. 400, 400 (N.D. Ill. 2006). Guardian's motion contained twelve lines in four paragraphs, cited one case without explanation, and according to the magistrate judge, "could scarcely be more laconic or unhelpful." *Id.* The plaintiffs' response faired no better: it consisted of seven short paragraphs and cited no authority. *Id.* at 401. Although the magistrate judge found the briefs so "insufficient and uninformative" as to be "susceptible to the principle that skeletal, underdeveloped, perfunctory or unsupported, arguments are deemed waived," he gave the parties an opportunity to supplement their pleadings. Unfortunately, Guardian's second attempt was also lacking. *See Kyles*, 2006 WL 2349238, at *1.

*Insurance*. Memorandum of Law in Opposition, Dkt. No. 215 at 2-4, 8 (June 13, 2006). They further argued Guardian failed to show good cause to modify an agreed protective order. *Id.* at 6-8.

### C. The Magistrate Judge's Report and Recommendation

On August 15, 2006, the magistrate judge issued his report and recommendation. After a thorough discussion of the underlying litigation and the facts relevant to the motion to vacate, he addressed Guardian's two principle arguments, as well as a raft of tangential arguments.

The magistrate judge disagreed with Guardian's characterization of the protective order and its reading of *Cincinnati Insurance*. He found the language of the protective order did not make it an "umbrella" order. The order covered a specific subset of documents relating to the employer testing program, not an overly broad range of documents as in *Cincinnati Insurance*. Also, the order limited protection to all "*non-public* documents or documents not previously disclosed;" only a few documents were therefore subject to the order. *Kyles*, 2006 WL 2349238, at *4.

The magistrate judge found Guardian's argument that the protective order could not extend beyond trial "frivolous." *Id.* at *6. Under Guardian's theory, the life of the protective order is governed by the duration of the case, not the critical factor of whether the sensitive information should be disclosed to the public. The magistrate judge concluded that the June 25, 1998 protective order, issued under Fed. R. Civ. P. 26(c)(7), remains in effect after trial and on appeal.

Similarly, the magistrate judge found unpersuasive Guardian's argument that a protective order must protect a trade secret to have validity, because Fed. R. Civ. P. 26(c) authorizes protection of "a trade secret *or other confidential research, development or commercial information.*" *Id.* at *7. The magistrate judge relied on numerous cases, including *Cincinnati Insurance*, in making that

determination. He also found Guardian had not shown good cause to repudiate an agreed protective order.

In addition, the magistrate judge found Guardian could not demonstrate that the protective order was causing it harm. Guardian's belatedly stated purpose for moving to vacate the order was to enable it to disclose confidential materials so "the current public debate [regarding employer testing] is informed." *Id.* at *9; *see also* Reply Memorandum of Law, Dkt. No. 216 at 8 (June 20, 2006). The magistrate judge found "[t]his sort of sketchy and conclusory presentation is insufficient to demonstrate either a change in circumstances or the harm that must be shown before a protective order–especially an agreed protective order–can be vacated." *Id.* More practically, the magistrate judge found that based on the record developed by Guardian, all protected materials either had been returned to the Foundation, destroyed by Guardian, or made public at trial or on appeal.

Finally, the magistrate judge determined Guardian's motion should be denied as untimely, because it was brought almost five years after the case was concluded, four and a half years after all the protected material had been destroyed or returned, and seven years after *Cincinnati Insurance* was decided. Guardian relied heavily on *Cincinnati Insurance*, characterizing that decision as a "sea change" in the law relating to protective orders. The delay, according to the magistrate judge, was unreasonable.

### D. Guardian's Objection

Guardian objects to the magistrate judge's interpretation of the protective order and requests this court to vacate and redraft the protective order to exclude all publically filed documents. Guardian contends a current "debate at the national level over the subject matter of this lawsuit" provides good cause to vacate the order. Objections to Report and Recommendation at 3 n.2.

Although Guardian acknowledges the magistrate judge's report and recommendation excludes public documents from the protective order, Guardian purportedly seeks relief "out of an over abundance of caution." *Id.* at 1.

## DISCUSSION

### A. The Timeliness of Guardian's Objection

Guardian must comply with Fed. R. Civ. P. 72 in order to object to the magistrate judge's report and recommendation. Rule 72 required Guardian to serve and file its objection within ten days of receiving the report and recommendation. FED. R. CIV. P. 72(a) and (b); *see also* 28 U.S.C. § 636(b)(1) (setting forth the same ten-day time limit for filing written objections). When calculating the ten-day time period, intermediate Saturdays, Sundays, and legal holidays are excluded because the "period of time prescribed or allowed is less than 11 days." FED. R. CIV. P. 6(a). In addition, Rule 6(e) gives a party three additional days "after the prescribed period would otherwise expire" to take action if "the notice or paper [calling for such action] is served upon the party by mail." FED. R. CIV. P. 6(e).

Applying these rules to the facts in this case, it is clear that Guardian's objection was not timely filed. The magistrate judge issued his report and recommendation on August 15, 2006.[3] Minute Order, Dkt. No. 219 (August 15, 2006); Report and Recommendation, Dkt. No. 220 (August 15, 2006). This gave Guardian until August 25th to file its objection. However, since the period of time was under 11 days, intervening weekends and holidays were excluded, and the deadline for the

---

[3]Included at the bottom of the magistrate judge's report and recommendation was the following statement: "Any objections to the Report and Recommendation *must be filed with the Clerk of the Court within ten days* of receipt of this Report and Recommendation. Failure to file objections within the time specified waives the right to appeal the Report and Recommendation." Report and Recommendation, Dkt. No. 220 at 21 (August 15, 2006) (emphasis added).

7

objection was extended to August 29th. Because the magistrate judge's minute order and report were mailed, Guardian gained three additional days to file. *Id.* Therefore, Guardian's time for filing an objection expired on September 1st. *See Lerro v. Quaker Oats Co.*, 84 F.3d 239, 241-42 (7th Cir. 1996) (discussing interaction between Rules 72, 6(a) and 6(e) and applying the same analysis).

The court's docket shows Guardian did not file its objection on or before September 1, 2006. In fact, Guardian has never formally filed its objection. On August 28th, Guardian submitted a courtesy copy of its objection to chambers. On September 19th, Guardian filed a motion for leave to file its objection *nunc pro tunc*, but did not attach a copy of the objection.[4] Mot. for Leave, Dkt. No. 221 (September 19, 2006). Under these circumstances, Guardian has failed to timely file its objection. *See Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (explaining that the court's recent cases have disparaged efforts to use *nunc pro tunc* orders to rewrite history); *Transamerica Ins. Co. v. South*, 975 F.2d 321, 325 (7th Cir. 1992) (as a general rule, the district court may not make substantive changes affecting parties' rights *nunc pro tunc*) (collecting cases); *Carson v. Kentucky Fried Chicken*, No. 96 Civ. 8519, 1997 WL 615240, *1 (S.D.N.Y. Oct. 3, 1997) (courtesy copies not given the same effect as pleadings filed with the Clerk of the Court). Therefore, Guardian has waived its right to assign error to the magistrate judge's report and recommendation. FED. R. CIV. P. 72; *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995); *Retired Chicago Police Ass'n v. City of Chicago*, No. 90 C 407, 1994 WL 23090, *4 (N.D. Ill. Jan. 21, 1994) (Conlon, J.) (an objection under Rule 72 is waived if not timely raised).

---

[4]Guardian filed its motion for leave only after the court's deputy clerk called Guardian's counsel inquiring if its objection had been properly filed with the Clerk of the Court.

It would not alter this outcome if Guardian's failure to timely object was inadvertent or negligent. As one judge of this Court previously observed, "[t]he Federal Rules of Civil Procedure are not window dressings to be viewed, admired but soon forgotten once out of sight. Consistent adherence to the Rules facilitates timely judicial administration and allows the parties to rely on the enforceability of rulings by the Magistrate Judge without second guessing as the litigation progresses." *THK America, Inc. v. NSK, Ltd.*, 157 F.R.D. 651, 654 (N.D. Ill. 1994) (Norgle, J.). Moreover, the result here is especially warranted considering the magistrate judge's express warning of the ten-day limit and the perils of its violation. *Id.* (finding inadvertence no excuse when party failed to timely file objections after being notified of rule by magistrate judge).

### B. The Merits of Guardian's Objection

#### 1. Standard of Review

A magistrate judge's ruling on a non-dispositive matter may be reversed only on a finding that the order is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Review of a magistrate judge's recommendation on a dispositive motion is *de novo*. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). For dispositive motions, the reviewing court is required to "make a *de novo* determination of those portions of the recommendations to which objection is made." *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). The court may accept, reject, or modify the findings or recommendations made by the magistrate judge. *Id.* If no specific objection is made,

9

or only a partial objection, the district court reviews the unobjected to portions for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

### 2. Guardian's Objection

Even assuming Guardian's objection was timely filed, it still lacks merit. Guardian specifically objects to only one aspect of the magistrate judge's recommendation: the finding that the plain language of the protective order allows disclosure of documents already made public, *i.e.*, the materials related to the employer tester program introduced as trial exhibits and included in the record on appeal. Indeed, these are the only materials at issue because they are the only materials Guardian currently possesses and wishes to disseminate. Guardian contends the language of the protective order extends protection indefinitely to all pleadings, papers, and other documents regardless of whether they were previously made public.

The plain language of the protective order supports the magistrate judge's finding that documents publically disclosed at trial and on appeal are exempt from protection. The protective order explicitly provides that "[c]onfidential [d]ocuments shall include all *non-public* documents," and "[a]ll confidential information filed with the Court and any pleadings, motions or other papers filed with the Court disclosing any confidential information *shall be filed under seal* and kept under seal until further order of the Court." Agreed Protective Order, Dkt. No. 44 at ¶¶ 1, 3 (June 25, 1998) (emphasis added). It is the parties' obligation to identify documents filed under seal. LR 5.8. Failure to file a document covered by the protective order under seal results in waiver of the document's protected status. *See Edward Lowe Indus., Inc. v. Oil-Dri Corp.*, No. 94 C 7568, 1995 WL 632037, at *2 (N.D. Ill. Oct. 25, 1995) (Conlon, J.) (defendant waived confidential information in documents when it failed to file pleading containing information under seal). As Guardian admits,

it "is unaware of any document being filed under seal." Objections to Report and Recommendation at 2 n.1. Therefore, all non-sealed materials in the record, including the trial exhibits, are public and thereby excluded from the protective order. Guardian's unreasonable interpretation of the protective order ignores its plain language and common sense.

Absent additional specific objections, the remainder of the magistrate judge's report and recommendation is reviewed for clear error. *See Johnson*, 170 F.3d at 739. The magistrate judge carefully reviewed the motion to vacate and supporting materials submitted by Guardian, and painstakingly sifted through Guardian's often "mystifying" and "unarticulated" arguments. *Kyles*, 2006 WL 2349238, at *8. The magistrate judge found *Cincinnati Insurance* inapposite and, in fact, contrary to Guardian's position. *Id.* at **5-6; *see also Citizens First Nat. Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999). The magistrate judge also conducted an analysis of the factors relevant to modifying a protective order: the nature of the order, foreseeability of modification at the time of issuance, the parties' reliance on the order, and whether good cause exists for the modification. *See Kyles*, 2006 WL 2349238, at **4-8; *see also Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 462-63 (S.D.N.Y. 1995). He concluded that Guardian had not shown good cause. *Id.* Nothing in the magistrate judge's analysis suggests his recommendation is erroneous in any respect.

## CONCLUSION

For the reasons set forth above, this court adopts the magistrate judge's report and recommendation in its entirety pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636. Guardian's motion to vacate the June 25, 1998 protective order is therefore denied. Guardian's objection was untimely filed and is waived. Alternatively, Guardian's objection is denied on the merits.

Guardian's tardy motion for leave to file its objection to the magistrate judge's report and recommendation *nunc pro tunc* is moot.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

September 26, 2006